# UNITED STATES DEPARTMENT OF JUSTICE
# EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
# HOUSTON - GREENSPOINT PARK
# IMMIGRATION COURT

Respondent Name:
SAEIDI, SHARMIN

To:
Powers, Ruby Lichte
1311 Enid Street
Houston, TX 77009

A-Number:
221-044-318
Riders:
In Removal Proceedings
Initiated by the Department of Homeland Security
Date:
11/20/2025

## ORDER OF THE IMMIGRATION JUDGE

The Department of Homeland Security has ☐ filed a motion or ☑ orally moved to pretermit the following application(s):

Asylum, Withholding of Removal, and protection under the Convention Against Torture

Upon considering the motion, and any opposition from the non-moving party, the motion is:

☑ granted for the following reason(s):
☐ Respondent has failed to establish *prima facie* eligibility for relief.
☑ Other:
The Department of Homeland Security (DHS) moves the Court to pretermit Respondent's applications for asylum, withholding of removal, and protection under the Convention Against Torture, arguing that Respondent has filed an incomplete application under Matter of C-A-R-R, 29 I&N Dec. 13 (BIA 2025). The DHS' motion to pretermit will be sustained. The Court finds that Respondent has submitted an incomplete application for adjudication. The regulations provide that a Form I-589 is incomplete if it does not "include a response to each of the questions contained in the Form I-589, is unsigned, or is unaccompanied by the required materials specified in [8 C.F.R. § 1208.3(a) (2025)]." 8 C.F.R. § 1208.3(c)(3). Furthermore, an Immigration Judge is not required to consider an application for Asylum and for Withholding of Removal (Form I-589) on the merits if it is incomplete, and incomplete applications may be considered waived or abandoned. Matter of C-A-R-R-, 29 I&N Dec. 13 (BIA 2025).

The Court further notes that if a respondent files an application that fails to provide complete answers to the questions in the application or otherwise fails

Ex. 4-Nov. 20, 2025 IJ Order

to comply with the instructions in the application form, the Court may reject the application. See 8 C.F.R. § 1208.3(c)(3); Immigration Court Practice Manual (ICPM) Chap. 3.3(c)(9); see also INA § 240(c) (4)(B) ("The applicant must comply with the applicable requirements to submit information or documentation in support of the applicant's application for relief or protection as provided by law or by regulation or in the instructions for the application form."). "Immigration Judges have broad discretion to conduct and control immigration proceedings and to admit and consider relevant and probative evidence." Matter of Interiano-Rosa, 25 I&N Dec. 264, 265 (BIA 2010); see also section 240(b)(1) of the Act; 8 C.F.R. §§ 1003.36, 1240.1(c), 1240.7(a) (2020). Immigration Judges also "have authority to set filing deadlines for applications and related documents." Matter of Interiano-Rosa, 25 I&N Dec. at 265; see also 8 C.F.R. § 1003.31(c) (2020) (providing authority for Immigration Judges to "set and extend time limits for the filing of applications and related documents"). Further, Immigration Judges have a duty to efficiently manage their dockets. See, e.g., 8 C.F.R. 1003.10(b).

Here, Respondent is a native and citizen of Iran, who entered the United States on or about March 29, 2025 at an unknown location, without having valid entry documents and without being admitted or paroled after inspection by an Immigration Officer. See notice to appear ("NTA"). Respondent was charged in an NTA with counts of §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I). Id. A copy of the NTA was personally served on Respondent. Id. On a prior date, Respondent appeared before the Court and admitted to the factual allegations in the NTA and conceded the charges of removability. The charges were sustained by clear and convincing evidence and Iran was designated as the country of removal.

On October 10, 2025, Respondent, through counsel, filed the I-589 application. On November 4, 2025, Counsel filed a Motion for Continuance and a Motion to Accept Untimely documents, as Counsel was recently retained. That motion was granted. The Respondent, through Counsel, submitted a Second Motion to Accept Untimely documents two days prior to the rescheduled individual hearing date. That motion was denied in part, with exception given to the proposed amendments of the I-589 application. The Court finds that Respondent's I-589 application in this case, in conjunction with the amendments filed on November 18, 2025, is incomplete.

Examples of incompleteness in the application include:

Page 6, Part B, question 2A in the application, asks, "Have you or your family members ever belonged to or been associated with any organizations or groups in your home country, such as, but not limited to, a political party, student group, labor union, religious organization, military or paramilitary group, civil patrol, guerrilla organization, ethnic group, human rights group,

or the press or media?," to which Respondent marked "yes" on her application. Immediately following that, the application states, "If 'Yes,' describe foreach person the level of participation, any leadership or other positions held, and length of time you or your family members were involved in each organization or activity." In the space provided to the answer the questions, Respondent only writes "I have converted to Christianity, and we involved in bible study meetings in Iran." In doing so, Respondent failed to answer the question of “whether she held a leadership position," or "the length of time she was involved in this organization."

Page 6 Part B, question 2B, Respondent indicates yes to the question, but fails to completely answer the similar prompts of the "current level of participation, any leadership or other positions currently held, and the length of time you or your family members have been involved in each organization or group.

Page 7 of 12, Part C, question 2A and 2B, Respondent's answer does not provide whether Respondent sought asylum in, nor could she return to any of the countries that she traveled to enroute to the United States. While Respondent indicated the countries that she traveled through or resided in prior to entering the United States, she failed to include whether or not [Respondent] is entitled to return for lawful residence purposes,” and whether Respondent “applied for refugee status or for asylum while there, and if not why.” Respondent disregards the clear prompting of the questions and only includes the countries she traveled through without answering the remaining questions.

The Court notes that this incomplete information from Respondent's applications is relevant and material in this case to, among other things whether she is subjected to bars to asylum, such as Circumvention of Lawful Pathways and Firm Resettlement, and Respondent's credibility. Respondent’s omission of required, relevant, material information from her application serves to deprive the DHS of its ability to conduct meaningful preparation in support of this case and undermines the role of the Immigration Judge to "interrogate, examine, and cross-examine" Respondent and to evaluate the consistency of her testimony when compared to the statements made in her I-589. 8 C.F.R. § 1003.10(b).

As such, Respondent's omitted information also undermines the Court's ability to fully assess her credibility. Furthermore, Respondent's credibility is germane to all aspects her I-589 because a respondent's credibility, standing alone, may determine the outcome. Wang v. Holder, 569 F.3d 531, 537 (5th Cir. 2009). As a result, Respondent’s omitted information creates a fundamentally unfair hearing.

Finally, Respondent cannot credibly argue that an incomplete application has prejudiced Respondent, especially since Respondent’s application was

prepared with the aid of counsel, and counsel submitted amendments to the I-589 application two days prior to the hearing. See Matter of Santos 19 I&N Dec. 105, 107 (BIA 1984) (stating that a respondent "must demonstrate that she has been prejudiced in violation of a procedural rule or regulation before her deportation proceedings will be invalidated.").

The filing deadline has passed, and Respondent has not submitted a complete application for relief to the Court, and despite submitting written amendments to the application, as filed it remains incomplete.

Accordingly, the Court HEREBY ORDERS the following:

The DHS Motion to Pretermit is GRANTED.

Respondent's Form I-589, Applications for Asylum, Withholding of Removal, and protection under the Convention Against Torture are DENIED as ABANDONED.

IT IS FINALLY ORDERED that Respondent shall be REMOVED from the United States to IRAN.

☐ denied for the following reason(s):

- ☐ Respondent has established *prima facie* eligibility for the relief requested.
- ☐ Other:

Immigration Judge: Parker, Martinque 11/20/2025

| | | | | | |
|---|---|---|---|---|---|
| Appeal: | Department of Homeland Security: | ☑ | waived | ☐ | reserved |
| | Respondent: | ☐ | waived | ☑ | reserved |

Appeal Due: 12/22/2025

**Certificate of Service**

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS

Respondent Name : SAEIDI, SHARMIN | A-Number : 221-044-318

Riders:

Date: 11/20/2025 By: MARTIN, SHARLA, Court Staff