Case 1:26-cv-00114 Document 8 Filed 08/19/26 Page 1 of 14

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **SHARMIN SAEIDI,** | § | |
| | § | |
| Petitioner, | § | |
| | § | Civil Action No. 1:26-cv-00114 |
| v. | § | |
| | § | |
| **PAMELA JO BONDI, et al.,** | § | |
| | § | |
| Respondents. | § | |

**PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

Pursuant to Federal Rule of Civil Procedure 59(e), Petitioner Sharmin Saeidi ("Ms. Saeidi") respectfully moves to alter or amend the Court's August 4, 2026 Order (Dkt. No. 16), which adopted the Magistrate Judge's Report and Recommendation (Dkt. No. 14), denied the Petition for Writ of Habeas Corpus (Dkt. No. 1), granted Respondents' Motion for Summary Judgment (Dkt. No. 11), and closed this case. The motion is timely because it is filed within 28 days of entry of judgment. Fed. R. Civ. P. 59(e); *Banister v. Davis*, 590 U.S. 504, 508 (2020).

## I. INTRODUCTION

Rule 59(e) exists for this circumstance. Petitioner does not ask the Court to revive her statutory argument that 8 U.S.C. § 1226(a) governs, to reconsider the Fifth Circuit's construction of § 1225(b)(2) in *Buenrostro-Mendez v. Bondi*, or to review the Immigration Judge's handling of her Form I-589. She asks the Court to correct an outcome-determinative error in the judgment it adopted: the Report and Recommendation expressly identified her second claim as a Fifth Amendment challenge based on the



Ex. 7-Aug. 19, 2026 Mtn to Amend Judgment

absence of an individualized hearing before a neutral decisionmaker, yet then stated that she "has not raised that family of issues in this Petition." Dkt. No. 14 at 1–2. Those propositions cannot both be true.

The record removes any doubt. Count One of the Petition is titled "Violation of Fifth Amendment Right to Due Process" and alleges that detention without an individualized hearing assessing danger or flight risk violates due process. Dkt. No. 1 at 8–9. The Magistrate Judge's own March 5 Order to Show Cause recognized that the Petition alleged substantive and procedural due-process violations and raised a genuine constitutional question. Dkt. No. 9 at 1. Petitioner's response to the Court's *Buenrostro* order again challenged "the constitutional validity of her continued detention without individualized review" and expressly warned that prolonged detention under § 1225 would raise "grave Fifth Amendment concerns." Dkt. No. 8 at 4–5. Respondents themselves understood and litigated the claim, stating in their summary-judgment motion that "Petitioner argues that her continued detention violates the Fifth Amendment's due process clause" because she had no opportunity for release on bond. Dkt. No. 11 at 7. Petitioner's motion to expedite again described "the as-applied constitutional harm of open-ended detention with no hearings and no defined endpoint." Dkt. No. 13 at 4. And Petitioner specifically objected to the Report's "family of issues" statement before judgment. Dkt. No. 15 at 3, 8.

The Supreme Court has explained that Rule 59(e) gives a habeas court a brief opportunity to correct its own mistakes and to address arguments that were "passed over or misunderstood" before judgment. *Banister*, 590 U.S. at 508, 516–17. This motion

presents no new claim and no new theory. It identifies a preserved constitutional claim that the record, both parties, and even the Report itself recognized, but that the adopted judgment treated as unraised. At minimum, the judgment should be amended to correct that record premise and adjudicate the claim actually presented. On the existing record, Petitioner respectfully submits that the proper habeas remedy is release; alternatively, the Court should require a prompt, constitutionally adequate individualized custody determination.

## II. ISSUES IN DISPUTE

**1.** Whether Rule 59(e) relief is warranted because the judgment adopted the manifestly erroneous premise that Petitioner had not raised the "family of issues" concerning constitutional limits on prolonged detention, even though the Petition, subsequent briefing, Respondents' own motion, and the Court's earlier Order to Show Cause all recognized that claim. See *Banister*, 590 U.S. at 508, 516–17; *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

**2.** Whether *Buenrostro-Mendez*'s statutory holding and *Demore v. Kim*'s approval of mandatory detention under § 1226(c) on the record before it foreclose adjudication of Petitioner's distinct, as-applied Fifth Amendment challenge to continued civil detention under § 1225(b)(2) without an individualized custody determination. They do not resolve that separate question.

**3.** Whether, after correction of the manifest error, the existing summary-judgment record warrants habeas relief. Petitioner submits that release is appropriate because the Government's own record reflected 358 days in custody as of March 25, 2026,

substantial additional detention elapsed before judgment, the Government's own I-213 reports no prior criminal history, and the record identifies no individualized determination that continued physical detention is necessary because Petitioner is dangerous or likely to abscond.

**Standard governing these issues.** Rule 59(e) permits alteration or amendment to correct a manifest error of law or fact; it is not a vehicle for theories or evidence that could have been presented before judgment. *Schiller*, 342 F.3d at 567; *Templet*, 367 F.3d at 478–79. Rule 59(e) governs whether the judgment should be altered or amended. If the Court corrects the manifest error identified here, Respondents' entitlement to summary judgment on the preserved constitutional claim must then be evaluated under Rule 56(a). Fed. R. Civ. P. 56(a).

## III. RELEVANT PROCEDURAL HISTORY

The constitutional claim was present from the beginning. The Petition's Count One expressly invoked the Fifth Amendment, the liberty interest in freedom from physical restraint, and the need for an individualized hearing before a neutral decisionmaker to assess danger or flight risk. Dkt. No. 1 at 8–9. The Petition requested release from unlawful custody. *Id.* at 12.

After directing briefing on *Buenrostro-Mendez*, the Magistrate Judge issued an Order to Show Cause on March 5, 2026. That Order stated that Petitioner "claims her continued detention violates substantive and procedural due process under the Fifth Amendment" and that her allegations "raise a genuine question as to whether her continued detention violates federal law and the U.S. Constitution." Dkt. No. 9 at 1.

Petitioner's response likewise stated that, even if § 1225 supplied statutory detention authority, the Petition independently challenged "the constitutional validity of her continued detention without individualized review." Dkt. No. 8 at 4. Under the heading "Continued Detention Under § 1225 Would Raise Serious Constitutional Concerns," Petitioner argued that prolonged, non-reviewable detention would raise grave Fifth Amendment concerns. *Id.* at 4–5.

Respondents then moved for summary judgment on the constitutional claim as well as the statutory claim. Their brief expressly stated: "Petitioner argues that her continued detention violates the Fifth Amendment's due process clause because she has not had an opportunity to be released on bond while she fights her removal case." Dkt. No. 11 at 7 (citing Dkt. No. 1 at 8–9 and Dkt. No. 8 at 4–5). Thus, the claim was not merely pleaded; it was joined and litigated by both sides.

The July 21 Report likewise began by accurately describing Petitioner's second ground as a Due Process Clause challenge "for a lack of an individualized hearing before a neutral decisionmaker." Dkt. No. 14 at 1–2. It then rejected the statutory theory under *Buenrostro-Mendez* and invoked *Demore*'s general statement that detention during removal proceedings is constitutionally permissible. *Id.* at 2. The Report immediately recognized that detention may in some circumstances "strain constitutional limits," citing Justice Kennedy's concurrence in *Demore*, but then stated that Petitioner "has not raised that family of issues in this Petition." *Id.* Petitioner specifically objected, identifying both the legal distinction between statutory authority and constitutional limits and the record showing that she had raised this family of issues throughout the litigation. Dkt. No. 15 at

3–8. The August 4 Order adopted the Report after de novo review, denied the Petition, granted Respondents' summary-judgment motion, and closed the case. Dkt. No. 16 at 1.

## IV. ARGUMENT

**A. Rule 59(e) is the proper vehicle to correct a preserved habeas claim that was passed over or misunderstood.**

A Rule 59(e) motion must clearly establish a manifest error of law or fact, present newly discovered evidence, or identify an intervening change in controlling law; it may not be used to raise arguments that could and should have been made before judgment. *Schiller*, 342 F.3d at 567; see *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). Petitioner invokes the first ground only. She does not offer a new claim, new evidence, or a new statutory theory.

*Banister* is especially instructive because it addresses Rule 59(e) in habeas litigation. The Supreme Court explained that the Rule gives a district court the opportunity to rectify its own mistakes immediately after judgment and allows habeas courts to clarify their reasoning or address arguments that were passed over or misunderstood. 590 U.S. at 508, 516–17. A timely Rule 59(e) motion is part of the original habeas proceeding, not a second or successive petition. *Id.* at 511, 521. That is precisely the function Petitioner invokes here: correction of the treatment of a claim that was pleaded, briefed, opposed, and specifically preserved in objections before judgment.

**B. The judgment incorporates a manifest record error concerning the "family of issues" Petitioner raised.**

The critical error is visible on the face of the Report. It first states that Petitioner "claims her detention is prohibited under the Due Process clause for a lack of an

individualized hearing before a neutral decisionmaker." Dkt. No. 14 at 2. It later states that, although detention can strain constitutional limits, Petitioner "has not raised that family of issues in this Petition." *Id.* The first statement accurately describes Dkt. No. 1; the second cannot be reconciled with it.

The Report's own citation to Justice Kennedy's concurrence in *Demore* shows why the error is material. Justice Kennedy reasoned that due process may require an individualized determination of flight risk and dangerousness if continued detention becomes unreasonable or unjustified, and that unreasonable delay can require inquiry into whether detention still serves removal, flight-risk, or dangerousness purposes. *Demore*, 538 U.S. at 532–33 (Kennedy, J., concurring). Ms. Saeidi raised that very family of concerns before judgment. In Dkt. No. 8, she argued that applying § 1225 to permit prolonged detention would raise grave Fifth Amendment concerns. Dkt. No. 8 at 4–5. In Dkt. No. 13, she described the as-applied constitutional harm of open-ended detention with no defined endpoint and stated that the harm grows more acute with every passing week. Dkt. No. 13 at 4. The Report therefore declined to reach a constitutional inquiry that the record had squarely presented. Even if the Report's phrase "that family of issues" is understood more narrowly to refer specifically to the duration and justification concerns discussed in Justice Kennedy's concurrence, those issues were expressly raised before judgment in Dkt. Nos. 8 and 13.

The Court's own prior order and Respondents' own briefing independently confirm the point. Dkt. No. 9 expressly recognized substantive and procedural due-process claims and a genuine constitutional question. The Order to Show Cause was not,

of course, a merits ruling; its significance here is narrower and dispositive of the Rule 59(e) record issue: the Court itself understood the constitutional claim to be before it. Dkt. No. 11 then expressly defended against the Fifth Amendment claim. This is therefore not a request to infer a new constitutional theory after judgment. The adversarial record confirms that the claim was pleaded, recognized, and litigated. Because Dkt. No. 16 adopted the Report, the judgment should be altered to remove the erroneous premise and adjudicate the preserved claim.

**C. The error was material because statutory detention authority does not itself answer the preserved constitutional question.**

Petitioner accepts for purposes of this Rule 59(e) motion that *Buenrostro-Mendez* controls the statutory issue and that § 1225(b)(2) supplies mandatory detention authority rather than a statutory right to bond under § 1226(a). 166 F.4th 494, 498 (5th Cir. 2026). That concession narrows the present motion. *Buenrostro-Mendez* framed the issue before it as one of "statutory interpretation" and held that § 1225(b)(2) mandated detention of the petitioners there. *Id.* at 498–99. The Fifth Circuit reversed orders granting bond hearings or release on that statutory theory. *Id.* It did not announce a merits rule adjudicating the distinct as-applied Fifth Amendment claim Ms. Saeidi pleaded here.

That statutory/constitutional distinction matters. *Jennings v. Rodriguez* likewise rejected a statutory construction that would read periodic bond hearings into §§ 1225(b) and 1226(c), while leaving the constitutional claims for separate consideration. 583 U.S. 281, 296–97, 312 (2018). And in a post-*Buenrostro* decision, another court in this District expressly accepted *Buenrostro*'s statutory holding and then separately analyzed an as-applied due-process challenge to § 1225(b)(2) detention. *Ramirez v. Warden, Houston*

*Contract Detention Facility*, No. 4:26-CV-1480, Dkt. No. 8, at 2–4, 7–14 (S.D. Tex. July 2, 2026) (Hanks, J.). *Ramirez* is persuasive, not controlling, and its facts differ materially from Ms. Saeidi's. Its significance here is analytical: a statutory holding that detention is mandatory does not by itself decide what process the Constitution requires as detention continues.

Petitioner also recognizes the unsettled appellate posture. The Fifth Circuit granted rehearing en banc in the consolidated *Sosnava Rodriguez* matters and, on July 21, 2026, stayed the district-court judgments pending rehearing en banc. See *Sosnava Rodriguez v. Ortega*, No. 26-50183 c/w Nos. 26-50219, 26-50221, Order at 3 (5th Cir. July 21, 2026). Petitioner does not minimize that stay. But the stay itself does not adjudicate the merits of Ms. Saeidi's preserved due-process claim. Whatever the ultimate constitutional answer, the present judgment should not rest on the premise that the claim was never raised.

**D. *Demore* does not categorically resolve this as-applied challenge.**

The Report relied on *Demore v. Kim*, 538 U.S. 510 (2003), for the general proposition that detention during removal proceedings is constitutionally permissible. Dkt. No. 14 at 2. But *Demore* upheld mandatory detention under § 1226(c) against the due-process challenge presented there, involving specified criminal noncitizens and detention the Court understood to be for the limited period necessary for removal proceedings. 538 U.S. at 513, 529–31. The Report itself recognized that constitutional limits may nevertheless be strained in some circumstances, citing Justice Kennedy's concurrence. Dkt. No. 14 at 2 (citing *Demore*, 538 U.S. at 532).

Ms. Saeidi's claim is not that civil immigration detention is always unconstitutional. It is that, as applied to her, continued physical detention without an individualized custody determination has become constitutionally deficient. That narrower claim requires attention to the actual duration and process in this record. Respondents' March 25, 2026 exhibit reported 358 days in custody at that time. Dkt. No. 11-1 at 1. More than four additional months elapsed before the August 4 judgment. The Government's I-213 states "CRIMINAL HISTORY: No Prior Criminal History." Dkt. No. 11-1 at 2. Yet the summary-judgment record identifies no individualized determination that continued detention is necessary because Ms. Saeidi is a danger or a flight risk. Those facts are relevant to the as-applied inquiry the Report acknowledged could exist but then declined to reach on the mistaken premise that it had not been raised.

**E. *Thuraissigiam* does not justify treating Ms. Saeidi's detention-process claim as nonexistent or unadjudicable.**

Respondents relied below on *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020). Dkt. No. 11 at 7–8. Petitioner does not ask this Court to disregard it. *Thuraissigiam* addressed the rights of a noncitizen apprehended shortly after unlawful entry who sought additional judicial review of an adverse credible-fear determination and emphasized Congress's plenary authority over admission. 591 U.S. at 138–40. Ms. Saeidi's present claim is materially narrower: she received a positive credible-fear determination, was placed in § 1229a proceedings, has a BIA appeal pending, and challenges the process supporting continued physical detention—not a judicial entitlement to admission or asylum.

*Ramirez* expressly distinguished *Thuraissigiam* on that detention/removal distinction before proceeding to procedural due process. No. 4:26-CV-1480, Dkt. No. 8, at 3–4. Again, *Ramirez*'s different residence and parole history may affect the ultimate *Mathews* balance, but it demonstrates why *Thuraissigiam* does not eliminate the need to identify and adjudicate the claim Ms. Saeidi actually brought. At a minimum, the Rule 59(e) error must be corrected so this Court can determine the constitutional issue on the proper record and legal framework rather than on the premise that the issue was never raised.

**F. On the existing record, habeas relief should be immediate release; alternatively, the Court should order prompt constitutionally adequate custody process.**

Freedom from physical restraint lies at the core of the liberty protected by the Due Process Clause. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). Procedural due process ordinarily evaluates the private interest, the risk of erroneous deprivation and value of additional safeguards, and the Government's countervailing interests. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Here, the private interest is physical liberty; the existing process contains no individualized custody finding on danger or flight risk; and the Government has litigated this case on the premise that § 1225(b)(2) makes such individualized custody considerations unnecessary. Dkt. No. 11 at 7–8.

The duration and record make the deprivation concrete rather than theoretical. The Government reported 358 days in custody as of March 25, 2026. Dkt. No. 11-1 at 1. Its own I-213 records no prior criminal history. *Id.* at 2. The record reflects a positive credible-fear determination and a pending BIA appeal. Dkt. No. 11 at 2. Nothing in the

summary-judgment record identifies an individualized finding that Ms. Saeidi presently poses a danger or a flight risk, much less explains why physical detention rather than conditions of supervision is necessary. Continued detention under those circumstances, without individualized custody process, is the constitutional injury Ms. Saeidi placed before the Court from Dkt. No. 1 onward.

Release is a traditional habeas remedy for unlawful executive detention. See *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *Brown v. Davenport*, 596 U.S. 118, 128 (2022). *Ramirez*, applying that principle after *Buenrostro*, ordered release from § 1225(b)(2) custody after finding an as-applied procedural due-process violation. No. 4:26-CV-1480, Dkt. No. 8, at 12–14. Ms. Saeidi respectfully requests the same core remedy here: release forthwith to reasonable conditions of immigration supervision. If the Court declines to order immediate release, Petitioner alternatively requests a prompt constitutionally adequate individualized custody hearing before a neutral decisionmaker, with the Government bearing the constitutionally appropriate burden of justifying continued detention. Petitioner submits that due process requires clear and convincing evidence of current danger or flight risk and the inadequacy of less restrictive conditions. If such a constitutionally adequate hearing is not timely provided within the period ordered by the Court, Petitioner should be released. That alternative is constitutional process, not a statutory bond right under § 1226(a).

## V. CONCLUSION

For these reasons, Petitioner respectfully requests that the Court grant this Rule 59(e) motion and alter or amend its August 4, 2026 Order (Dkt. No. 16) to correct the

adopted finding that Petitioner did not raise the constitutional "family of issues" described in the Report. The Court should then adjudicate the preserved as-applied Fifth Amendment claim on its merits, deny Respondents' Motion for Summary Judgment as to that claim, grant the Petition on that claim, and order Petitioner released forthwith, subject to reasonable conditions of immigration supervision. In the alternative, Petitioner requests the prompt, constitutionally adequate individualized custody hearing described above, and such further relief as law and justice require.

Respectfully submitted,

Elizabeth Conry Davidson,
Attorney at Law
One Internation Centre
100 N.E. Loop 410, Suite 615
San Antonio, Texas 78216
Telephone: (210) 380-4899
Facsimile: (210) 568-4036

By:__/s/ *Elizabeth Conry Davidson*
Elizabeth Conry Davidson
State Bar No. 00793586

Attorney for Petitioner Sharmin Saeidi

**CERTIFICATE OF CONFERENCE**

Pursuant to S.D. Tex. Local Rule 7.1 and Judge Olvera's Civil Procedures, undersigned counsel certifies that on August 19, 2026, counsel conferred with counsel for Respondents regarding the relief requested in this motion. Respondents advised that they oppose the requested relief, and counsel could not agree about the disposition of the motion.

/s/ Elizabeth Conry Davidson

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2026, a true and correct copy of the foregoing Petitioner's Motion to Alter or Amend Judgment Under Federal Rule of Civil Procedure 59(e) was served on all counsel of record through the Court's CM/ECF system.

/s/ Elizabeth Conry Davidson

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS**

**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| SHARMIN SAEIDI, | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. 1:26-cv-00114 |
| PAMELA JO BONDI, et al., | § | |
| Respondents. | § | |

**CERTIFICATE REGARDING GENERATIVE ARTIFICIAL INTELLIGENCE**

I hereby certify that I have read and will comply with all of Judge Rolando Olvera's local rules related to generative artificial intelligence.

I further certify that either no portion of any filing will be drafted solely by generative artificial intelligence, or that any language that is drafted by generative artificial intelligence—including quotations, citations, paraphrased assertions, and legal analysis—will be checked for accuracy, using print reporters or traditional legal databases, by a person before it is submitted to the Court.

I understand that any attorney or pro se litigant who signs any filing here will be held responsible for the contents according to applicable rules of attorney or civil discipline, whether or not generative artificial intelligence drafted any portion of that filing.

Respectfully submitted,

Elizabeth Conry Davidson,
Attorney at Law
One Internation Centre
100 N.E. Loop 410, Suite 615
San Antonio, Texas 78216
Telephone: (210) 380-4899
Facsimile: (210) 568-4036

By: __/s/ *Elizabeth Conry Davidson*
Elizabeth Conry Davidson
State Bar No. 00793586

Date: August 19, 2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **SHARMIN SAEIDI,**<br>Petitioner,<br>v.<br>**PAMELA JO BONDI, et al.,**<br>Respondents. | §<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:26-cv-00114 |

**PROPOSED ORDER GRANTING PETITIONER'S**
**RULE 59(e) MOTION AND GRANTING HABEAS RELIEF**

Before the Court is Petitioner Sharmin Saeidi's Motion to Alter or Amend Judgment Under Federal Rule of Civil Procedure 59(e). Having considered the motion, the record, the applicable law, and any response, the motion is GRANTED.

The Court's August 4, 2026 Order (Dkt. No. 16) is ALTERED AND AMENDED as follows. The Court's determination that 8 U.S.C. § 1225(b)(2) supplies the statutory authority for Petitioner's detention remains unchanged. The Order is vacated insofar as it denied Petitioner's preserved as-applied Fifth Amendment due-process claim. Respondents' Motion for Summary Judgment (Dkt. No. 11) is DENIED as to that claim, and the Petition for Writ of Habeas Corpus (Dkt. No. 1) is GRANTED on that claim.

Respondents are ORDERED to RELEASE Petitioner from physical custody forthwith, subject to reasonable conditions of immigration supervision authorized by law, and to provide Petitioner and her counsel reasonable advance notice of the time and location of release.

SIGNED on ______________________, 2026, at Brownsville, Texas.

______________________________________

**ROLANDO OLVERA**
**UNITED STATES DISTRICT JUDGE**